NO. 07-05-0108-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 18, 2006

_____


BALDEMAR ARMENDARIZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3603; HONORABLE RON ENNS, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Baldemar Armendariz was convicted by a jury of delivery of cocaine and sentenced to 27 years confinement and a $10,000 fine. Presenting a single issue, appellant contends the trial court erred in admitting a package

containing the alleged cocaine into evidence because the State failed to prove chain of custody. We affirm.

During the course of an undercover narcotics transaction, appellant provided Sergeant Joe Gonzalez with a black package purported to be cocaine. After verifying it contained a white, powdery substance, Gonzalez delivered the package to the Department of Public Safety crime lab in Amarillo for testing. The package was received and its contents were examined by Brandon Conrad, a DPS chemist. Tests revealed the substance in the package to be 131.76 grams of cocaine. After testing, the package and its contents were placed in a DPS storage facility until the time of trial when they were released to Gonzalez.

At trial, Gonzalez and Conrad testified regarding the package and its contents. When Exhibit 1 was offered, by his general objection that a chain of custody had not been established, appellant objected to the admission of the evidence. Appellant's objection was overruled and the evidence was admitted. We review the trial court's decision to admit evidence under an abuse of discretion standard. Green v. State, 934 S.W.2d 92, 101-02 (Tex.Cr.App. 1996). The trial court does not abuse its discretion when the evidence admitted is based on a belief that a reasonable juror could find the evidence has been authenticated or identified. Pondexter v. State, 942 S.W.2d 577, 586 (Tex.Cr.App. 1996). The requirement of authentication or identification to render an exhibit admissible is satisfied if the evidence is sufficient to support a finding that the matter is what its

2

proponent claims. Tex. R. Evid. 901(a). Thus, the State is only required to make a showing to the trial court that the matter in question is what it purports to be. Garner v. State, 939 S.W.2d 802, 805 (Tex.App.–Fort Worth 1997, pet. ref'd). Without evidence of tampering, questions regarding chain of custody go to the weight of the evidence and not its admissibility. Lagrone v. State, 942 S.W.2d 602, 617 (Tex.Cr.App. 1997).

In the present case, Gonzalez testified he placed the package he obtained from appellant in an envelope identified by the time, date, and his initials. The envelope was then sealed and hand-delivered to Conrad at the DPS crime lab in Amarillo. Conrad testified he received the envelope by marking it with his initials and assigning it a unique laboratory number. He then placed the envelope in the DPS storage vault where it remained until it was removed for testing. At the conclusion of the tests, Conrad was unable to return the substance to its original packaging and placed the substance in a plastic bag. This bag and the original packaging were placed back in the original envelope and returned to the storage vault where they remained until appellant's trial. On the day of trial, Conrad released the envelope to Gonzalez.

At trial, Gonzalez identified State's Exhibit 1 as the envelope he received from the DPS crime lab and testified that it contained the original black packaging he obtained from appellant. Conrad identified State's Exhibit 1 as the package he received in the laboratory and testified that it did not appear to have been tampered with in any way since it had been released back to Gonzalez. He further testified that when evidence is received from a law

3

enforcement officer for testing, it is stored in a secure location until the time for analysis. Once it is analyzed, the evidence is returned to that secure location until it is returned to the officer. Here, as in Bird v. State, 692 S.W.2d 65,70 (Tex. Cr. App. 1985), there being no evidence of tempering presented, the objection simply went to the weight of the evidence rather than its admissibility.

Based on the above, we conclude the trial court did not abuse its discretion in finding the evidence to be that which the State asserted it to be. Appellant's issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

4